**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JPMORGAN CHASE BANK, N.A.,

        Plaintiff,

    and

FOCUS SOUTH GROUP, LLC; SOUTH
EDGE, LLC,

        Petitioners - Appellees,

    v.

KB HOME NEVADA INC.; COLEMAN-
TOLL LIMITED PARTNERSHIP, LLC;
PARDEE HOMES OF NEVADA;
BEAZER HOMES HOLDINGS CORP.;
MERITAGE HOMES OF NEVADA,
FKA MTH HOMES NEVADA, INC.,

        Defendants - Appellants.

</td><td>

No. 10-17562

D.C. No. 2:08-cv-01711-PMP-RJJ

MEMORANDUM AND ORDER[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted February 15, 2012
San Francisco, California

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

Defendants-Appellants KB Home Nevada; Coleman-Toll Ltd Partnership; Pardee Homes of Nevada; and Beazer Homes Holding Corp. (collectively, "Home Builders"); and Defendant-Appellant Meritage Homes of Nevada ("Meritage") appeal the district court's order confirming a final arbitration award in favor of Plaintiff-Appellee Focus South Group ("Focus"), and denying their motions to vacate and/or correct the award.

1. We **GRANT** (1) Focus' motion to substitute Inspirada Builders as appellee, filed January 26, 2012; (2) the stipulation of partial dismissal, filed February 9, 2012; (3) Meritage's request for judicial notice, filed January 20, 2012; (4) Home Builders' motion for leave to file a response to Meritage's reply brief, filed October 6, 2011; and (5) Meritage's unopposed motion for an extension of time to file a response, filed October 12, 2011.

2. Judicial estoppel does not apply here. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (discussing factors relevant to the judicial estoppel analysis); *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's London*, 139 F.3d 1234, 1239 (9th Cir. 1998) (restricting application of judicial estoppel to cases in which a court "relied on the party's previously inconsistent statement").

2

3. Applying the deferential standard of judicial review governing arbitration awards, *see Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc), we reject the argument that the arbitrators exceeded their authority by awarding what Meritage would construe as consequential damages despite the arbitrators' specific finding to the contrary, *see id.* ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA]."). *See also Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 100 P.3d 172, 178 (Nev. 2004).

4. The award is not "imperfect in a matter of form." 9 U.S.C. § 11; Nev. Rev. Stat. § 38.242(c). *See Kyocera*, 341 F.3d at 994; *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009) (explaining that contradictory findings of fact are not grounds for vacatur).

5. Meritage's appeal of the denial of its motion to vacate the arbitration award's denial of its counterclaim against South Edge, LLC is stayed pursuant to 11 U.S.C. § 362(a). *See Parker v. Bain*, 68 F.3d 1131, 1135-36 (9th Cir. 1995). The panel shall retain jurisdiction over this appeal pending further proceedings in the bankruptcy court. Within 30 days of this order, Meritage shall file a status report regarding the proceedings referenced in Meritage's notice of bankruptcy proceeding and automatic stay, filed March 3, 2011.

The parties shall bear their own costs on appeal.

**AFFIRMED** as to Home Builders' motion to vacate the award in part, and Meritage's motion to correct the award; **STAYED** as to Meritage's motion to vacate the denial of its counterclaims against South Edge, LLC.

The mandate is stayed pending further notice of the court.